UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON FIRLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01991-JPH-MKK |
| | ) |
| RAI CARE CENTER EMERSON AVE - NEW CASTLE, | ) |
| CT CORPORATION SYSTEMS, | ) |
| | ) |
| Defendants. | ) |

### **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**

On July 9, 2024, Plaintiff Jason Firle ("Mr. Firle") brought this negligence case in Delaware Circuit Court against Defendants Rai Care Center Emerson Ave – New Castle ("Rai") and CT Corporation Systems, following a slip and fall on Rai's premises. (*See* Dkt. 1-1). On November 12, 2024, Rai removed the case to this Court. (Dkt. 1). Mr. Firle is deceased, a fact that the Complaint itself alleges and that the parties both acknowledge. (Dkt. 1-1 at ¶12; Dkt. 9 at 1). Based, in part, on the fact that Mr. Firle is deceased, Rai responded to the Complaint by filing a Motion to Dismiss. (Dkts. 8, 9).

The Court scheduled a telephonic initial pretrial conference for January 8, 2025. (Dkt. 10). Plaintiff's counsel failed to appear for this conference, and the Court set a telephonic show cause hearing for January 15, 2025. (Dkt. 13). Plaintiff's counsel, once again, failed to appear. (Dkt. 17). The Court then set an in-person show cause hearing for Plaintiff's counsel for January 23, 2025. (*Id.*). Plaintiff's

counsel appeared at this hearing, albeit telephonically, in contradiction of the Court's Order. (Dkt. 20).

Given Plaintiff's unfortunate passing, the unopposed Motion to Dismiss, and the repeated failures to appear, the undersigned ordered any person who believed that one or more claims survived Mr. Firle's death and wished to be substituted as Mr. Firle's successor or representative, to file a statement indicating as much no later April 24, 2025. That date has since passed, and no one filed such a statement.

Federal Rule of Civil Procedure 25 states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

As Mr. Firle is deceased and no person has moved to substitute for him in this action within 90 days of the notice of his death, the Magistrate Judge recommends to the District Judge that this complaint be **DISMISSED**.

Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure.

So **RECOMMENDED**.

Date: 5/5/2025

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via CM/ECF

Via U.S. Mail:

Brady Firle
1518 Grand Ave.
New Castle, IN 47362-3222